**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

TIMOTHY LEE RUCKER, *as next friend*
*and on behalf of* TRAVIS LEE BURTON,

   **Plaintiff,**

              Civil Action 1:26-cv-384
 v.            Judge Matthew W. McFarland
              Magistrate Judge Chelsey M. Vascura

INSPECTOR JON TABOR, *et al.*,

   **Defendants.**

## ORDER and REPORT AND RECOMMENDATION

Plaintiff, Timothy Lee Rucker, proceeding without the assistance of counsel and purporting to advance claims as next friend and on behalf of Travis Lee Burton, has submitted a request to file a civil action *in forma pauperis*. (ECF No. 1.) The Court **GRANTS** Plaintiff's request to proceed *in forma pauperis*. All judicial officers who render services in this action shall do so as if the costs had been prepaid. 28 U.S.C. § 1915(a).

This matter is also before the Court for the initial screen of Plaintiff's Complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A(b)(1) to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1)–(2); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997). For the reasons below, the undersigned **RECOMMENDS** that the Court **DISMISS** this action under §§ 1915(e)(2) and 1915A(b)(1) for failure to assert any claim over which this Court has subject-matter jurisdiction. As a result, the

undersigned further **RECOMMENDS** that Plaintiff's Motion for Temporary Restraining Order (ECF No. 1-4) be **DENIED AS MOOT**.

## I.     STANDARD OF REVIEW

Under 28 U.S.C. § 1915(e), the federal *in forma pauperis* statute, Courts must *sua sponte* dismiss an action upon determining that an *in forma pauperis* complaint fails to state a claim on which relief can be granted. Thus, a typical initial screen involves consideration of the merits of the claims asserted. But in this case, upon review of Plaintiff's Complaint, the undersigned determines that it is unnecessary to consider the merits of the claims he advances because this Court lacks subject matter jurisdiction to hear such claims. When the face of the complaint provides no basis for federal jurisdiction, the Court may dismiss an action as frivolous and for lack of subject matter jurisdiction under both 28 U.S.C. § 1915(e)(2)(B) and Fed. R. Civ. P. 12(h)(3). *Williams v. Cincy Urb. Apts.*, No. 1:10-cv-153, 2010 WL 883846, at *2 n.1 (S.D. Ohio Mar. 9, 2010) (citing *Carlock v. Williams*, 182 F.3d 916, 1999 WL 454880, at *2 (6th Cir. June 22, 1999) (table)).

## II.     ANALYSIS

Plaintiff, Timothy Rucker, is a Kansas resident. He purports to advance claims under 42 U.S.C. § 1983 on behalf of Travis Burton, an Ohio inmate, whose constitutional rights have allegedly been violated by various members of prison staff. (Compl., ECF No. 1-1.)

Plaintiff's allegations fail to provide a basis for a claim over which this Court has subject-matter jurisdiction. United States District Courts have jurisdiction under Article III of the United States Constitution only over "cases" or "controversies." Art. III, § 2. As part of the case-or-controversy requirement, plaintiffs must demonstrate standing to bring the claims they advance. *See Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). But Mr. Rucker lacks standing to advance § 1983 claims on behalf of anyone but himself. Parties in federal court are permitted only to

"plead and conduct their own cases personally or by counsel." 28 U.S.C. § 1654. And "a section 1983 cause of action is entirely personal to the direct victim of the alleged constitutional tort." *Claybrook v. Birchwell*, 199 F.3d 350, 357 (6th Cir. 2000). Although in certain circumstances a "next friend" may litigate on behalf of an inmate when the latter is "unable to litigate his own cause due to mental incapacity, lack of access to court, or other similar disability," *Whitmore v. Arkansas*, 495 U.S. 149, 164–65 (1990), Mr. Rucker has alleged no facts suggesting that Mr. Burton is unable to pursue litigation on his own behalf. More importantly, "a non-lawyer cannot serve as a 'next friend' unless she, herself, is represented by counsel." *Randleman next friend of Swain v. Sullivan*, No. 3:25-CV-02586, 2026 WL 391153, at *1 (N.D. Ohio Feb. 12, 2026) (citing *Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002) ("[P]laintiffs [may not] appear *pro se* where interests other than their own are at stake.")). As there is no indication that Mr. Rucker is an attorney, he lacks standing to pursue claims on behalf of Mr. Burton and the Complaint must be dismissed for lack of subject-matter jurisdiction.

### III.   DISPOSITION

Plaintiff's motion for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a) (ECF No. 1) is **GRANTED**. In addition, for the reasons above, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's Complaint under 28 U.S.C. §§ 1915(e), 1915A(b) for failure to assert any claim over which this Court has subject-matter jurisdiction. As a result, it is further **RECOMMENDED** that Plaintiff's Motion for Temporary Restraining Order (ECF No. 1-4) be **DENIED AS MOOT**.

### PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those

specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).


    **IT IS SO ORDERED.**


/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE