**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI**

| | | |
|---|---|---|
| TIMOTHY LEE RUCKER, *as next friend and on behalf of* TRAVIS LEE BURTON, | : : : | Case No. 1:26-cv-384 |
| | : | Judge Matthew W. McFarland |
| Plaintiff, | : : | |
| v. | : : | |
| INSPECTOR JON TABOR, et al., | : : | |
| Defendants. | : | |

---

**ORDER ADOPTING REPORT AND RECOMMENDATION (Doc. 4)**

---

This matter is before the Court on the Magistrate Judge's Report and Recommendation (Doc. 4), as well as Plaintiff's Objections (Docs. 7, 10), Addendum (Doc. 8), Declarations (Docs. 9, 10), Motions for Temporary Restraining Order (Docs. 5, 12), and Notices (Docs. 10, 11).

The Court conducts de novo review as to any portions of the Report and Recommendation properly objected to by a party. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). "The filing of vague, general, or conclusory objections," however, "does not meet the requirement of specific objections and is tantamount to a complete failure to object." *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001). Accordingly, "a party must identify each issue in the [Report and Recommendation] to which they object with sufficient clarity, or else that issue is forfeited." *Price v. Ohio Dep't of Rehab. & Corr.*, 649 F. Supp. 3d 598, 604 (S.D. Ohio 2023) (citing *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)).

The Magistrate Judge recommended dismissing this case since Plaintiff lacks standing and the ability to bring this litigation as next friend on behalf of Travis Burton. (Report, Doc. 4, Pg. ID 69.) Specifically, the Magistrate Judge reached this conclusion for two reasons: (1) Plaintiff has not alleged any facts to suggest that Burton is "unable to pursue litigation on his own behalf," and (2) "more importantly, 'a non-lawyer cannot serve as a 'next friend' unless she, herself, is represented by counsel.'" (*Id.* (quoting *Randleman next friend of Swain v. Sullivan*, No. 3:25-CV-2586, 2026 WL 391153, at *1 (N.D. Ohio Feb. 12, 2026))). Although Plaintiff now brings more assertions as to why Burton has been unable to litigate this matter on his own behalf — at least prior to his recent transfer to a new facility, Plaintiff does not address the second thread of the Magistrate Judge's analysis. (*See* Objections, Docs. 7, 10; Plaintiff's Decl., Docs. 9, 10.) Namely, Plaintiff has failed to specifically object to dismissal on the basis that Plaintiff is a non-attorney attempting to improperly proceed pro se on behalf of Burton. *See Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004) (discussing that a party's failure to file specific objections generally amounts to waiver); *Jackson v. City of Memphis*, No. 15-2313, 2015 WL 7162195, at *1 (W.D. Tenn. Nov. 13, 2015).

In any event, Plaintiff's filings further confirm that Plaintiff is not an attorney but, rather, claims to be a "designated outside advocate" attempting to "proceed[] pro se" as a next friend of Burton. (Plaintiff's Decl., Doc. 9, Pg. ID 91-92; Objections, Doc. 7, Pg. ID 81-82.) Accordingly, the Court concurs with the Magistrate Judge's well-supported conclusion that Plaintiff cannot proceed pro se as a next friend of Burton in this matter. *See Randleman*, 2026 WL 391153, at *1-2; *Carre v. Nutton*, No. 25-CV-11628, 2025 WL

2

2166009, at *1 (E.D. Mich. July 30, 2025); *Quevedo-Palomino v. Warden of Calhoun Cnty. Jail*, No. 26-11064, 2026 WL 962397, at *2 (E.D. Mich. Apr. 9, 2026); *Martinez v. Warden*, No. 4:26-CV-773, 2026 WL 1242933, at *2 (N.D. Ohio May 6, 2026). "The fact that a minor or incompetent person must be represented by a next friend, guardian ad litem, or other fiduciary [under Federal Rule of Civil Procedure 17(c)(2)] does not alter the principle embodied in [28 U.S.C.] § 1654 that a non-attorney is not allowed to represent another individual in federal court litigation without the assistance of counsel." *Berrios v. New York City Housing Auth.*, 564 F.3d 130, 134 (2d. Cir. 2009); *see Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002); *Bass v. Leatherwood*, 788 F.3d 228, 231 (6th Cir. 2015); *H.C. v. Fleming Cnty. Kentucky Bd. of Educ.*, No. 17-6269, 2018 WL 11589034, at *2 (6th Cir. July 11, 2018).

As a final matter, Plaintiff requests that, "[t]o the extent the Court finds additional factual support necessary, Plaintiff respectfully [seeks] leave to amend rather than dismissal with prejudice." (Objections, Doc. 7, Pg. ID 80.) However, Plaintiff does not offer any proposed amendments that would alter the aforementioned analysis; notably, Plaintiff does not contest the bar against "next friend" litigation without an attorney. That being said, given the nature of the recommended dismissal in this matter, the Court will order this matter dismissed without prejudice.

For all these reasons, the Court **ORDERS** the following:

1) Plaintiff's Objections (Docs. 7, 10) are **OVERRULED**;

2) The Report and Recommendation (Doc. 4) is **ADOPTED** and **MODIFIED**; specifically, Plaintiff's Complaint is hereby **DISMISSED WITHOUT**

3

**PREJUDICE**; Plaintiff's Motion for Temporary Restraining Order (Doc. 5) is **DENIED AS MOOT**;

3) Additionally, Plaintiff's Renewed Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 12) is **DENIED AS MOOT**; and

4) This matter is **TERMINATED** from the Court's docket.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: _____
JUDGE MATTHEW W. McFARLAND

4